J-S35010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOSHUA BURNS | |
| Appellant | No. 1421 WDA 2016 |

Appeal from the PCRA Order September 6, 2016
In the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0002024-2015

BEFORE:  LAZARUS, J., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED AUGUST 11, 2017**

Joshua Burns appeals from the order, entered in the Court of Common Pleas of Cambria County, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm based on the well-reasoned opinion of the Honorable Norman A. Krumenacker, III, P.J.

We adopt the facts set forth by the PCRA court's Pa.R.A.P. 1925(b) opinion.  On January 25, 2016, Burns pleaded guilty to Possession, Manufacture, Delivery, and Possession With and Intent to Distribute (heroin),[2] after which the trial court sentenced him to 14 to 72 months'

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 35 P.S. § 780-113(a)(30).

imprisonment in a state correctional facility. Burns filed a *pro se* timely post-trial motion for reconsideration of sentence; however, this motion was never ruled on, as it was never presented to the trial court. On April 7, 2016, Burns filed a timely PCRA petition. Following a hearing held on August 1, 2016, the court dismissed the petition in an order and opinion dated September 6, 2016. The instant timely appeal follows, in which Burns raises the following issue:

> Was trial counsel ineffective in supplying incorrect information as to the recommended sentencing guidelines Burns would be receiving if he entered a plea and/or in failing to file a meritorious post-sentence motion to correct the mistake?

Brief of Appellant, at 4.

In reviewing an order denying PCRA relief, our standard of review is "whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Johnston***, 42 A.3d 1120, 1126 (Pa. Super. 2012) (internal citation omitted).

The governing legal standard of review of ineffective assistance of counsel claims is well settled:

> [C]ounsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced

him. This Court has described the **Strickland** [3] standard as tripartite by dividing the performance element into two distinct components. Accordingly, to prove counsel ineffective, the petitioner must demonstrate that (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) the petitioner was prejudiced by counsel's act or omission. A claim of ineffectiveness will be denied if the petitioner's evidence fails to satisfy any one of these prongs. Furthermore, "[i]n accord with these well-established criteria for review, [an appellant] must set forth and individually discuss substantively each prong of the Pierce test." (citations omitted).

**Commonwealth v. Roane**, 142 A.3d 79, 88 (Pa. Super. 2016) (internal citations omitted).

The PCRA correctly determined that (1) Burns entered a knowing and voluntary guilty plea, (2) Burns' trial counsel, Maribeth Schaffer, Esquire, did not provide him incorrect information as to the sentencing guidelines, and (3) Attorney Schaffer was not ineffective for failing to file a post-sentence motion for sentence modification. **Roane**, **supra**. Accordingly, Judge Krumenacker properly dismissed Burns' PCRA petition pursuant to Pa.R.Crim.P. 907.

After reviewing the parties' briefs, the record, and the relevant case law, we conclude that Judge Krumenacker's well-reasoned opinion thoroughly and properly disposes of the question of ineffective assistance of counsel. Accordingly, we affirm on the basis of the PCRA Court's opinion, which counsel should attach in the event of further proceedings.

---

[3] **Strickland v. Washington**, 466 U.S. 668 (1984).

Order Affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/11/2017



EXHIBIT A

## IN THE COURT OF COMMON PLEAS OF CAMBRIA COUNTY, PENNSYLVANIA
### CRIMINAL DIVISION

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | * | |
| | * | No. 2024-2015 |
| vs. | * | |
| JOSHUA BURNS, | * | Defendant's Petition for |
| | * | Post-Conviction Relief |
| Defendant. | * | |

# OPINION AND ORDER

# DISCUSSION

**Krumenacker, P.J.:** Presently before the Court is the Defendant, Joshua Burns' (Burns), Petition for Post-Conviction Relief pursuant to the Post-Conviction Relief Act (PCRA) that advances the issue of whether the Defendant had ineffective assistance of counsel in (1) entering a knowing and voluntary plea and (2) for failing to file a post-sentence motion. For the reasons discussed herein the Defendant's Petition is denied.

# DISCUSSION

January 25, 2016, Burns entered a guilty plea to one count of possession with intent to deliver a controlled substance, heroin.[1] N.T. 1/25/16. There was no agreement as to sentence and all remaining charges would be *nol prossed* thirty-one (31) days after sentencing unless an appeal was filed. Id. p. 2. Burns indicated: that he had read, understood and answered honestly the questions contained in the written guilty plea colloquy; that he understood his rights; that there was no agreement as to his sentence; that there was no aspect of the case he was confused about; and that he was entering his plea voluntarily. Id. pp. 2-4.

---

[1] 35 P.S. 780-113(30).

On March 15, 2016, Burns was sentenced to serve a period of incarceration of fourteen (14) to seventy-two (72) months consecutive to any other sentence being served, to pay the costs of prosecution, to pay $100 to the Substance Abuse Education Fund, and to pay $200 to the Special Administration Fund. N.T. 3/15/16. Burns was found to be RRRI eligible with an RRRI sentence of ten and a half (10 ½) months and was given credit for time served. Id. This sentence was within the standard range.

Burns filed a *pro se* Motion to Modify Sentence on March 21, 2016, and the Clerk of Courts of Cambria County forwarded a copy to his public defender of record Kenneth Sottile (Sottile) , Esquire although he was represented at both the guilty plea and sentence by public defender Maribeth Schaffer (Schaffer), Esquire. This motion was never ruled on as it was not presented to the Court. Burns did not file a direct appeal of his sentence and filed the incident PCRA *pro se* on May 7, 2016, and filed a response to the Court's Rule 907 letter indicating an intention to dismiss the Petition for failing to state a basis for relief. In his response Burns alleged ineffective assistance of counsel and David Beyer, Esquire, was appointed as PCRA counsel. A hearing on Burns' PCRA was held August 1, 2016.

## I.     Did the Defendant enter a knowing and voluntary plea?

Burns raises three issues in this PCRA related to ineffective assistance of counsel with the first two addressing he is entitled to relief, as his guilty plea was not entered knowingly and voluntarily in that he expected his sentence would be three (3) months to twelve (12) months based on his guidelines as indicated on his written colloquy and that he anticipated his sentence would run concurrent with his sentence in Blair County.

One seeking post conviction relief on the basis of an alleged unknowing or involuntary guilty plea bears the burden of proving by a preponderance of the evidence that the plea was

involuntary and unknowingly entered. Commonwealth v. Carter, 318 Pa. Super. 252, 264, 464 A.2d 1327, 1334 (1983). With regard to the voluntariness of a plea, a guilty plea colloquy must "affirmatively demonstrate the defendant understood what the plea connoted and its consequences." Commonwealth v. Lewis, 708 A.2d 497, 501 (Pa. Super. 1998). Once the defendant has entered a guilty plea, "it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." Commonwealth v. Bedell, 954 A.2d 1209, 1212 (Pa. Super. 2008). Where the record shows that a proper colloquy was conducted before the defendant entered his guilty plea the burden is on the defendant to show that the plea was not intelligent and voluntary. See, Commonwealth v. Ingram, 455 Pa. 198, 316 A.2d 77 (1974); Commonwealth ex rel. West v. Rundle, 428 Pa. 102, 237 A.2d 196 (1968). Finally, the determination of whether the plea was knowing and voluntary is necessarily a factual matter to be resolved by the trial court. Commonwealth v. Johnson, 460 Pa. 303, 333 A.2d 739 (1975); Commonwealth v. Gray, 317 Pa. Super. 248, 251, 463 A.2d 1179, 1180 (1983).

Sottile was originally assigned as Burns counsel however at the time of plea he was represented by Schaffer as Sottile was unavailable. N.T. 8/1/16 pp. 16-17. Schaffer testified that: she reviewed the potential sentences with Burns prior to Burns's accepting the plea; she based his expected guideline on an offense gravity score (OGS) of 6 which was the minimum sentence possible as they had not yet received information related to the amount of heroin he was in possession of prior to the plea; she never promised Burns he would receive a sentence of three (3) to twelve (12) months; that Burns read his Pre-sentence Investigation (PSI) prior to sentencing; that the PSI indicated actual guidelines of six (6) to fourteen (14) months standard range based on an actual OGS of 7 due to the quantity of heroin; and that she never received correspondence from Burns requesting she file a motion for sentence modification.

N.T. 8/1/16 pp. 16-21. Schaffer testified that she did receive a copy of Burns' *pro se* motion for sentence modification as the Clerk of Clerks sent that to attorney Sottile since he was listed as counsel of record. Id. p. 18.

Burns testified that: he believed he would receive a sentence of three (3) to twelve (12) months based on his plea colloquy; he believed it would run concurrent to his Blair County sentence based on the fact that the Blair County District Attorney indicated he would not object to such a sentence when Burns pleaded in Blair County; he did not object to the sentence on March 15th or inform the Court that was not his deal because he was in shock; he could not recall reviewing his PSI prior to sentencing; that he wrote to Schaffer requesting she file a motion for modification; that he read and signed the Disposition Under Rule 590(b) form (590 Form) indicating there was no agreement as to sentence; that he indicated in his written and verbal plea colloquy that there was no agreement as to sentence or promises made to him; and that he indicated at the time of sentencing that he read his PSI prior to sentencing . Id. at 3-15. Further, a review of the record shows that the Guilty Plea Colloquy that Burns completed indicates both the standard range sentence based on an OGS of 6 and the maximum sentence for the offense that he pleaded to. See, Guilty Plea Explanation of Def.'s Rights 1/29/16.

The Court finds credible Schaffer's testimony relative to the discussions she had with Burns, particularly in light of Burns's own testimony acknowledging that there was no agreement as to sentence and his statements at sentencing that he read his PSI. The Court finds it incredible that Burns would not have spoken up at the time of sentencing if he believed he was being sentenced improperly. Further, based on Burns' prior court involvement, N.T. 8/1/16 p. 24, the Court does not credit his testimony that he did not

understand the proceedings. Viewing this case in its entirety the Court believes that Burns entered his plea knowingly and voluntarily and as he stated is merely dissatisfied with the length of the sentence imposed.

The record is clear that Burns: was aware of the guidelines, including the maximum sentence that could be imposed, prior to sentencing on March 15th; failed to advise either counsel or the Court that he believed the guideline was in error; knew that the Court could impose either consecutive or concurrent sentence; knew the lack of objection from the Blair County District Attorney was not controlling in Cambria County; and knew that there was no agreement as to what sentence would be imposed. As such he cannot now claim that his plea was involuntary based on a claimed lack of understanding of the possible sentences. Commonwealth v. Palmer, 264 Pa. Super. 165, 399 A.2c 718 (1979) (where guilty plea colloquy record indicating that no threats, promises, representations or plea bargains were made to defendant by anyone, including defendant's own counsel, as to sentence to be imposed on guilty plea was not entitled to withdraw, by means of PCRA, guilty plea on ground that he was induced to plead guilty by assurances of his own counsel that he would be given sentence of one to two years plus credit for time in jail). See also, Commonwealth v. Mitchell, 319 Pa. Super. 170, 175-76, 465 A.2d 1284, 1286 (1983) opinion corrected, 483 A.2d 1389 (Pa. Super. Ct. 1983).

Further, while Burns hoped to receive a sentence of three (3) to twelve (12) months along with concurrent sentences, the mere fact that he is now dissatisfied with the actual sentence imposed is not a proper basis to find the plea was not knowing and voluntary and the pleas was an open one. Commonwealth v. Waddy, 463 Pa. 426, 429 n. *, 345 A.2d 179, 180 n. * (1975) (disappointed expectations will not alone vitiate a guilty plea); Commonwealth v.

Sanutti, 454 Pa. 344, 347, 312 A.2d 42, 44 (1973); Commonwealth v. Scott, 318 Pa. Super. 526, 529-30, 465 A.2d 678, 680 (1983). Accordingly, there is no merit to this claim for relief.

**II.    Was counsel ineffective for failing to file a motion for sentence modification?**

Burns second argument is that Schaffer was infective for failing to file a motion for sentence modification as he requested. The PCRA provides, *inter alia*,

> (a) General rule.-- To be eligible for relief under his subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
>
>> (i) currently serving a sentence of imprisonment, probation or parole for the crime;
>>
>> . . .
>
> (2) That the conviction or sentence resulted from one or more of the following:
>
>> . . .
>>
>> (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>>
>> . . .
>>
>> (vii) The imposition of a sentence greater than the lawful maximum.
>>
>> . . .

42 Pa. C.S. § 9543.

A petitioner alleging ineffectiveness must demonstrate that (1) his underlying claim is of arguable merit, (2) counsel had no reasonable basis for his action or inaction, and (3) the defendant suffered prejudice as a result of counsel's deficient performance, *i.e.* there is a reasonable probability that, but for the error of counsel, the outcome of the proceeding would

have been different. Commonwealth v. Johnson, 600 Pa. 329, 345, 966 A.2d 523, 532 (2009). Finally, the court is to presume that counsel was effective and the petitioner bears the burden of proving otherwise. 42 Pa. C.S. § 9543; Commonwealth v. Dennis, 597 Pa. 159, 950 A.2d 945, 954 (2008); Commonwealth v. Rollins, 558 Pa. 532, 738 A.2d 435, 441 (1999).

Relating to the petitioner's burden of proof our Supreme Court has stated that

> The traditional requirements for relief pertaining to claims of ineffective assistance of counsel mandate that the petitioner establish actual prejudice (in terms of undermining confidence in the outcome of his trial), as well as the arguable merit of the underlying claim and an absence of some reasonable strategy on counsel's part in terms of the act or omission resulting in the underlying claim not having been previously advanced or vindicated.

Commonwealth v. Halley, 582 Pa. 164, 168 n.1, 870 A.2d 795, 798 n.1 (2005) (citing Commonwealth v. Pierce, 515 Pa. 153, 158-60, 527 A.2d 973, 975-77 (1987)). A petitioner must plead, present evidence relative to, and prove each assertion of ineffectiveness. Further, the petitioner bears the burden of proving all three prongs of this test and the failure to prove any prong will be fatal to his claim of ineffectiveness. Commonwealth v. Brown, 582 Pa. 461, 474, 872 A.2d 1139, 1146 (2005). See also, Commonwealth v. Pierce, 567 Pa. 186, 786 A.2d 203, 213 (2001); Commonwealth v. Grant, 572 Pa. 48, 813 A.2d 726 (2002); Commonwealth v. Albrecht, 554 Pa. 31, 720 A.2d 693, 701 (1998); Commonwealth v. Baker, 531 Pa. 541, 562, 614 A.2d 663, 673 (1992).

With regard to the second, reasonable basis prong, "we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis." Commonwealth v. Washington, 592 Pa. 698, 927 A.2d 586, 594 (2007). To sustain a claim of ineffectiveness based on reasonableness, a defendant must prove that the strategy employed by trial counsel "was so unreasonable that no competent lawyer would have chosen that course of conduct."

Commonwealth v. Williams, 537 Pa. 1, 640 A.2d 1251, 1265 (1994). A court will conclude that counsel's chosen strategy lacked a reasonable basis only if a defendant proves that "an alternative not chosen offered a potential for success substantially greater than the course actually pursued." Commonwealth v. Williams, 587 Pa. 304, 899 A.2d 1060, 1064 (2006) (citation omitted). Trial counsel will not be deemed ineffective for failing to pursue a meritless claim. Commonwealth v. Pursell, 555 Pa. 233, 724 A.2d 293, 304 (1999); Commonwealth v. Rollins, 525 Pa. 335, 580 A.2d 744, 748 (1990).

To establish the third, prejudice prong, the petitioner must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's ineffectiveness. Commonwealth v. Dennis, 597 Pa. 159, 950 A.2d 945, 954 (2008). On the issue of prejudice a defendant bears the burden to prove that counsel's alleged error was of such magnitude that it could have reasonably had an adverse effect on the outcome of the proceedings. Id. In reviewing any particular claim of ineffectiveness, the court need not determine whether the first two prongs of this standard are met if the record shows that the defendant has not met the prejudice prong. Commonwealth v. Travaglia, 541 Pa. 108, 118, 661 A.2d 352, 357 (1995).

Burns testified that in addition to filing his *pro se* motion he wrote to Schaffer requesting that she file a motion to modify his sentence since it was not what he agreed to as part of his plea deal and that it was to run concurrent with his Blair County sentences. N.T. 8/1/16 pp. 5-8. In her testimony Schaffer was unequivocal that she did not receive a request from Burns to file a modification motion until April 5th, well after the ten days would have run. Id. pp. 17-19. Schaffer testified that the Clerk of Courts would have sent a copy of his *pro se* motion to attorney Sottile not her, that there was no letter in the file from Burns prior to

the April 5th letter, and that upon receipt of the April 5th letter she immediately responded and informed Burns that the minimum range was higher since the amount of heroin was determined by the time of sentencing, that she never promised him a specific sentence, and that there had been no agreement as to his sentence in his plea deal. Id.

The Court finds credible Schaffer's testimony that she never received a request from Burns to file a modification motion until April 5th at which time the motion would have been untimely. Absent a request from Burns to file a motion for modification, Schaffer had no duty to file one and upon receipt of the untimely request Schaffer immediately informed Burns that the request was untimely and the reasons for the sentence he received. Such actions cannot be the basis for an ineffectiveness claim relative to the modification motion.

Further, to be eligible for relief the PCRA requires that the alleged ineffectiveness must have "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa. C.S. § 954. The failure to file a motion to modify sentence does not implicate the truth-determining process but is instead directed at the court's discretionary sentencing authority. As such the failure to file a motion to modify sentence following a guilty plea cannot serve as the basis for relief under the PCRA as the failure to file the motion cannot be the basis for concluding that no reliable adjudication of guilt or innocence could have taken place since the defendant admits their guilt as part of the guilty plea. See, Commonwealth v. Lewis, 430 Pa. Super. 336, 634 A.2d 633, 636 (1993) (claim that counsel was ineffective for failing to file a motion to modify sentence is a challenge to the discretionary aspects of sentencing and, therefore, not cognizable under the PCRA), appeal denied, 539 Pa. 689, 653 A.2d 1228 (1994); Commonwealth v. Grier, 410 Pa. Super. 284, 599 A.2d 993, 996 (1991), appeal denied, 530 Pa. 639, 607 A.2d 250

(1992)(claim that counsel was ineffective for failing to preserve the issue of sentencing by filing a motion to modify sentence is outside the scope of the PCRA); Commonwealth v. Wolfe, 398 Pa. Super. 94, 580 A.2d 857, 860 (1990)(claim that counsel was ineffective for failing to challenge the discretionary aspects of sentence on appeal is not a cognizable PCRA claim since such an ineffectiveness claim does not affect the truth-determining process so as to render the adjudication of guilt unreliable).

In contrast the PCRA may serve as a vehicle for relief where the sentence impose is illegal. 42 Pa. C.S. 9543(a)(2). See also, Commonwealth v. Payne, 797 A.2d 1000, 1003 fn. 5 (Pa. Super. 2002) (post-conviction court's order to petitioner to file collateral motion to correct allegedly illegal sentence was unnecessary and improper procedure, given that illegal sentence can be addressed within aegis of post-conviction relief petition); Commonwealth v. Payne, 797 A.2d 1000, 1005 (Pa. Super. 2002) (trial court lacked jurisdiction to modify defendant's sentence where the sentence as it stood was not illegal). Here the sentence imposed was legal and within the standard range thus even if Burns had requested Schaffer to file a motion to modify sentence and she failed to do so, such failure would not be ineffectiveness as defined by the PCRA since the motion would be addressed only to the discretionary aspects of the sentence and not its legality.

**For the foregoing reasons the following Order is entered:**

## IN THE COURT OF COMMON PLEAS OF CAMBRIA COUNTY, PENNSYLVANIA
### CRIMINAL DIVISION

COMMONWEALTH OF
PENNSYLVANIA,

vs.

JOSHUA BURNS,

                Defendant.

\*
\*
\*
\*   No. 2024-2015
\*
\*
\*   Defendant's Petition for
\*   Post-Conviction Relief
\*
\*

# ORDER

**AND NOW**, this 6th day of September 2016, for the reasons contained in the foregoing Opinion, the Defendant's Petition for Post-Conviction Relief is **DENIED**.

**The Defendant is notified that he has thirty (30) days to appeal this Order to the Superior Court of Pennsylvania.**

BY THE COURT:

Norman A. Krumenacker, III, P.J.

-Page 11 of 11-